JUDGE SCHEINDLIN

14 CV 5403

Ernest Edward Badway, Esq.
Ryan N. Miller, Esq.
**FOX ROTHSCHILD LLP**
100 Park Avenue - Suite 1500
New York, New York 10017
Telephone: 212-878-7900
Fax: 212-692-0940
*Attorneys for Plaintiffs Verint Systems Inc. and Verint Americas Inc.*

RECEIVED
JUL 17 2014
U.S.D.C. S.D. N.Y.
CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VERINT SYSTEMS INC. and VERINT AMERICAS INC. | Civil Action No. |
| | ECF Case |
| Plaintiffs, | **COMPLAINT** |
| v. | **JURY TRIAL DEMANDED** |
| RED BOX RECORDERS LTD. | |
| Defendant. | |

Plaintiffs, Verint Systems Inc. ("VSI") and Verint Americas Inc. ("VAI") (collectively "Verint"), by their attorneys, Fox Rothschild LLP, for their Complaint against Defendant, Red Box Recorders Ltd. ("Red Box"), allege as follows:

### NATURE OF ACTION

1.      This is a patent-infringement action in which Plaintiffs are seeking, *inter alia*, a judgment that Defendants, through the sale, offer for sale, use, manufacture, and/or importation

in or into the United States of various products identified below, infringe a total of seven United States patents owned by Plaintiffs.

## THE PARTIES

2.    Plaintiff VAI is a corporation organized under the laws of the State of Delaware, having its principal place of business at 800 North Point Parkway, Alpharetta, GA 30022.

3.    Plaintiff VSI is a corporation organized under the laws of the State of Delaware, having its principal place of business at 330 South Service Road, Melville, NY 11747.

4.    Upon information and belief, Defendant Red Box is a corporation organized under the laws of the United Kingdom, having its headquarters in Nottingham, the United Kingdom. Upon information and belief, Red Box maintains one office in the United States, located at 708 Third Avenue, 6th Floor, New York, NY.

## JURISDICTION AND VENUE

5.    This action arises under Title 35 of the United States Code.

6.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a), as Verint's claims arise under the laws of the United States, namely the Patent Act.

7.    This Court has personal jurisdiction over Red Box by virtue of Red Box's specific and continuous contacts in this district and the State of New York. Specifically, on information and belief, Red Box maintains a continuous and voluntary presence in this district and the state of New York by virtue of its permanent office located at 708 Third Avenue, 6th Floor, New York, NY.

8.    On information and belief, Defendant Red Box regularly solicits business in the state of New York and in this district, and/or engages in other persistent courses of conduct in the

2

state and district, at least by virtue of its permanent presence in the state and district.

9.      At least the activities of Red Box as described in paragraphs 7 and 8 hereof result in the commission of the tortious act of infringing the Patents-in-Suit (see paragraph 20 hereof) in the state of New York, and in this district.

10.     VAI is a resident of Georgia, and is the record title holder of the Patents-in-Suit.

11.     VSI is a resident of the state of New York, and VAI is a wholly-owned subsidiary of VSI.

12.     VAI sells products throughout the United States covered by one or more of the Patents-in-Suit, and such products compete directly with the Accused Products of Red Box (see paragraph 24 hereof).

13.     VAI and VSI are injured by any and all acts of infringement against the Patents-in-Suit occurring in the United States.

14.     On information and belief, Red Box sells, offers for sale, and uses the Accused Products in several states of the United States other than New York, and these activities constitute infringement the asserted patents (see paragraph 26 hereof).

15.     The out-of-state infringing activities of Red Box constitute tortious activity of Red Box occurring outside the state of New York.

16.     The tortious activity of Red Box occurring outside the state of New York has caused injury to VSI in the state of New York,  including  at least profits lost in the state of New York.

17.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b), based at least on the facts and allegations set forth in paragraphs 7-16.

## FACTUAL BACKGROUND

**Verint's Business and Products**

18.     Verint is engaged in the business of inventing, developing, manufacturing, selling, installing, and/or distributing computer software and hardware products and systems. The products and systems are directed to, *inter alia*, the analysis, recording, monitoring, transmission, and/or security of electronic communications, such as but not limited to telephonic, facsimile, and e-mail communications to and from contact centers and call centers which handle incoming and/or outgoing contacts with actual and prospective customers and clients. Verint's technology can provide an end user with the ability to capture, analyze and act on large volumes of complex, and often underused, information sources, such as voice, video, and unstructured text, which can enhance the ability of organizations of all sizes to make more timely and effective decisions based on such information.

19.     Verint's products and systems are used by more than 10,000 organizations in over 150 countries, including over 80 percent of the Fortune 100. For example, Verint's workforce optimization and voice of the customer solutions are designed to, *inter alia*, help organizations enhance customer service operations in contact centers, branches, and back-office environments, which in turn can increase customer satisfaction, reduce operating costs, identify revenue opportunities, and improve profitability. Verint uses its core competencies to develop highly scalable solutions with advanced, integrated analytics for both unstructured and structured information. Verint has expended substantial resources inventing and developing this technology. For example, Verint utilizes more than 1,000 employees and contractors in research and development throughout the world, and has obtained more than 600 patents and applications

worldwide.  In 2012 fiscal year alone, Verint obtained issuance or allowance of 50 patents in the United States.  Verint has licensed one or more of the patents to others in the industry under reasonable terms, through its Open Innovation Network$^{TM}$ ("OIN") licensing program.

20.     Verint is the sole owner of the entire right, title, and interest in and to U.S. Patent No. 5,790,798 ("the '798 patent"); U.S. Patent No. 6,510,220 ("the '220 patent"); U.S. Patent No. 7,203,285 ("the '285 patent"); U.S. Patent No. 7,774,854 ("the '854 patent"); U.S. Patent No. 8,189,763 ("the '763 patent"); U.S. Patent No. RE43,324 ("the '324 patent"); and U.S. Patent No. RE43,386 ("the '386 patent") (collectively, "the Patents-in-Suit").

21.     The '798 and '220 patents are related, i.e., share a common effective filing date and have similar or identical specifications.  Similarly, the '285 and '763 patents are related. The '324 and '386 patents are also related.

22.     As the owner of the Patents-in-Suit, Verint has the right to bring actions for infringement of the Patents-in-Suit.

**Verint's Allegations Against Red Box**

23.     On information and belief, Red Box develops, uses, sells, offers to sell, installs, distributes, exports, and/or imports computer software products and systems directed to and for use in connection with methods involving the analysis, recording, monitoring, transmission, and security of electronic communications, such as telephonic communications to and from contact centers and call centers.

24.     Upon information and belief, Red Box has been developing, using, selling, offering to sell, installing, distributing, exporting, and/or importing computer software products and systems directed to and for use in connection with methods involving the analysis, recording,

transmission, and security of electronic communications under various trade designations, including the following trade designations, in, into, or from the United States: "Quantify Recording Suite;" "Quantify Screen Data Capture;" "Quantify Event Reconstruct;" "Quantify QM™;" "Quantify PCI Suppression;" and "Quantify AudioSearch" (hereinafter referred to collectively as "Accused Products").

25.     On information and belief, Red Box implements and integrates the Accused Product into the contact centers of its customers, and the use of the Accuse Products by its customers constitutes direct infringement of one or more of the Patents-in-Suit.

**Conclusion**

26.     In light of the above facts and allegations, Defendant Red Box is infringing and has infringed the Patents-in-Suit in violation of 35 U.S.C. § 271, by developing, using, offering to sell, and/or selling in the United States or importing into the United States computer software and/or hardware and/or systems, including the Accused Products, and/or by engaging in or practicing in the United States methods or processes covered by the Patents-In-Suit, including such methods or processes which utilize one or more of the Accused Products.

27.     Verint has been damaged as a result of Red Box's acts of patent infringement in an amount to be determined at trial.

28.     Verint will suffer imminent and irreparable injury unless this Court enjoins Red Box from further acts of infringement.

29.     This is an exceptional case entitling Verint to an award of attorneys' fees under 35 U.S.C. § 285.

## CAUSES OF ACTION

### AS AND FOR A FIRST CAUSE OF ACTION

#### (Declaration of Infringement of the '798 patent)

30.     Plaintiffs incorporate by reference each and every allegation contained in paragraphs 1 through 29 above.

31.     The '798 patent, entitled "Method and Apparatus for Simultaneously Monitoring Computer User Screen and Telephone Activity From a Remote Location," was duly and legally issued on August 4, 1998 and is currently in full force and effect and has been since the date of issuance. A true and correct copy of the '798 patent is attached hereto as Exhibit A.

### AS AND FOR A SECOND CAUSE OF ACTION

#### (Declaration of Infringement of the '220 patent)

32.     Plaintiffs incorporate by reference each and every allegation contained in paragraphs 1 through 31 above.

33.     The '220 patent, entitled "Method and Apparatus for Simultaneously Monitoring Computer User Screen and Telephone Activity from a Remote Location," was duly and legally issued on January 21, 2003 and is currently in full force and effect and has been since the date of issuance. A true and correct copy of the '220 patent is attached hereto as Exhibit B.

### AS AND FOR A THIRD CAUSE OF ACTION

#### (Declaration of Infringement of the '283 patent)

34.     Plaintiffs incorporate by reference each and every allegation contained in paragraphs 1 through 33 above.

35.     The '283 patent, entitled "System and Method for Recording Voice and the Data

Entered by a Call Center Agent and Retrieval of These Communication Streams for Analysis or Correction," was duly and legally issued on April 10, 2007 and is currently in full force and effect and has been since the date of issuance. A true and correct copy of the '285 patent is attached hereto as Exhibit C.

## AS AND FOR A FOURTH CAUSE OF ACTION

### (Declaration of Infringement of the '854 patent)

36.     Plaintiffs incorporate by reference each and every allegation contained in paragraphs 1 through 35 above.

37.     The '854 patent, entitled "Systems and Methods for Protecting Information," was duly and legally issued on August 10, 2010 and is currently in full force and effect and has been since the date of issuance. A true and correct copy of the '854 patent is attached hereto as Exhibit D.

## AS AND FOR A FIFTH CAUSE OF ACTION

### (Declaration of Infringement of the '763 patent)

38.     Plaintiffs incorporate by reference each and every allegation contained in paragraphs 1 through 37 above.

39.     The '763 patent, entitled "System and Method for Recording Voice and the Data Entered by a Call Center Agent and Retrieval of These Communication Streams for Analysis or Correction," was duly and legally issued on May 29, 2012 and is currently in full force and effect and has been since the date of issuance. A true and correct copy of the '763 patent is attached hereto as Exhibit E.

8

## AS AND FOR A SIXTH CAUSE OF ACTION

### (Declaration of Infringement of the '324 patent)

40.     Plaintiffs incorporate by reference each and every allegation contained in paragraphs 1 through 39 above.

41.     The '324 patent, entitled "VOIP Voice Interaction Monitor," was duly and legally issued on April 24, 2012 and is currently in full force and effect and has been since the date of issuance. A true and correct copy of the '324 patent is attached hereto as Exhibit F.

## AS AND FOR A SEVENTH CAUSE OF ACTION

### (Declaration of Infringement of the '386 patent)

42.     Plaintiffs incorporate by reference each and every allegation contained in paragraphs 1 through 41 above.

43.     The '386 patent, entitled "Communication Management System for Network-Based Telephones," was duly and legally issued on May 15, 2012 and is currently in full force and effect and has been since the date of issuance. A true and correct copy of the '386 patent is attached hereto as Exhibit G.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Verint Systems Inc. and Verint Americas Inc. respectfully request that the Court grant the following relief:

A.     Render judgment in favor of Plaintiffs and against Defendant Red Box;

B.     Declare that Defendant has been and is infringing the Patents-in-Suit;

C.     Preliminarily and permanently enjoin Defendant and its officers, agents, and employees and all others in concert or participation with them from further acts of infringement

9

of the Patents-in-Suit under 35 U.S.C. § 283;

      D.    Order Defendant to file with this Court and serve on Plaintiffs within thirty (30) days after service of an injunction, a report in writing, under oath, setting forth in detail the manner and form in which Defendant has complied with this injunction ordered by this Court;

      E.    Award Plaintiffs damages adequate to compensate them for Defendant's infringement of the Patents-in-Suit, together with interest and costs under 35 U.S.C. § 284;

      F.    Order Defendant to pay Plaintiffs' reasonable attorneys' fees in connection with this action as provided in 35 U.S.C. § 285;

      G.    Order Defendant to pay all of Plaintiffs' costs and expenses, including expert witness fees; and

      H.    Award Plaintiffs such other and further relief as this Court deems just and proper.

### JURY TRIAL DEMANDED

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs Verint Systems Inc. and Verint Americas Inc. hereby demand a trial by jury as to all issues properly so tried.

Dated:    New York, New York
           July 16, 2014

                      Respectfully submitted,

                      FOX ROTHSCHILD LLP

                      Ernest E. Badway
                      Ryan N. Miller
                      100 Park Avenue - Suite 1500
                      New York, New York 10017
                      Telephone: 212-878-7900
                      Fax: 212-692-0940
                      *Attorneys for Plaintiffs*
                      *Verint Systems Inc. and*
                      *Verint Americas Inc.*

*Of Counsel*:

Joseph F. Posillico, Esq.
Frank T. Carroll, Esq.
FOX ROTHSCHILD LLP
2000 Market Street, 20th Floor
Philadelphia, PA 19103-3222
Telephone: (215) 299-2000

# EXHIBIT A



US005790798A

# United States Patent [19]

Beckett, II et al.

[11] **Patent Number:** **5,790,798**

[45] **Date of Patent:** **Aug. 4, 1998**

[54] **METHOD AND APPARATUS FOR SIMULTANEOUSLY MONITORING COMPUTER USER SCREEN AND TELEPHONE ACTIVITY FROM A REMOTE LOCATION**

[75] Inventors: **Stephen Marshall Beckett, II**, Marietta; **Donald Andrew House**, Acworth; **Rebecca L. McDougal**, Marietta; **Santino J. Lamberti, Jr.**, Kennesaw, all of Ga.

[73] Assignee: **Witness Systems, Inc.**, Alpharetta, Ga.

[21] Appl. No.: **657,765**

[22] Filed: **May 31, 1996**

[51] Int. Cl.[6] .............................. H04M 3/22; G06F 17/00
[52] U.S. Cl. .................................. 395/200.54; 395/200.3; 395/200.34; 395/330; 379/34; 379/35
[58] Field of Search .................. 395/200.01, 300.04, 395/200.11, 200.12, 200.3, 200.34, 200.35, 200.42, 200.54, 200.57, 330, 331; 364/514 A, 514 B, 514 C, 514 R; 379/34, 35

[56] **References Cited**

### U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| 4,694,483 | 9/1987 | Cheung | 379/34 |
| 4,763,353 | 8/1988 | Canale et al. | 379/157 |
| 4,815,120 | 3/1989 | Kosich | 379/34 |
| 4,924,488 | 5/1990 | Kosich | 379/34 |
| 4,953,159 | 8/1990 | Hayden et al. | 370/62 |
| 5,117,225 | 3/1992 | Wang | 340/717 |
| 5,210,789 | 5/1993 | Jeffus et al. | 379/127 |
| 5,299,260 | 3/1994 | Shaio | 379/265 |
| 5,317,628 | 5/1994 | Misholi et al. | 379/89 |
| 5,347,306 | 9/1994 | Nitta | 348/15 |
| 5,388,252 | 2/1995 | Dreste et al. | 395/575 |
| 5,432,715 | 7/1995 | Shigematsu et al. | 364/551.01 |
| 5,475,625 | 12/1995 | Glaschick | 395/600 |
| 5,485,569 | 1/1996 | Goldman et al. | 395/159 |
| 5,499,291 | 3/1996 | Kepley | 379/265 |
| 5,535,256 | 7/1996 | Maloney et al. | 379/34 |
| 5,572,652 | 11/1996 | Robusto et al. | 395/326 |
| 5,619,183 | 4/1997 | Ziegra et al. | 340/505 |

### OTHER PUBLICATIONS

Madeline Bodin Systems, "Keeping an Eye on Your Agents", *Call Center Magazine*, vol. 32, pp. 30–35, Feb. 1993.

Steven McNamara, Monitoring Solutions, "Quality Must be Seen and Heard", *Inbound/Putbound Magazine*, pp. 66–67, Dec. 1989.

Aspect Call Center Product Specification, "Release 2.0", Aspect Telecommunication Corporation, May 23, 1988.

McNamara, S., "Quality Must Be Seen and Heard", Inbound/Outbound Magazine, pp. 66–67, Dec. 1989.

*Primary Examiner*—Emanuel T. Voetz
*Assistant Examiner*—Tony M. Cole
*Attorney, Agent, or Firm*—Jones & Askew

[57] **ABSTRACT**

The present invention relates to simultaneous computer screen and voice monitoring from a remote location, and particularly relates to synchronized telephone and screen monitoring of a computer workstation from a remote location. Such monitoring is useful for providing training and assistance to those using such workstations, especially in connection with telephone use, can also be useful for providing an audit trial of significant on-screen events, or can be used as a trigger to initiate other separate events. In one embodiment, graphics primitives are used to determine localized screen changes which are periodically copied from the monitored workstation desktop and sent over a network to a remote, monitoring, workstation. In another embodiment, localized screen changes are determined by full screen comparison, and sent over a network to a remote, monitoring, workstation.

**6 Claims, 9 Drawing Sheets**



U.S. Patent          Aug. 4, 1998     Sheet 1 of 9          5,790,798



**FIG. 1**



*FIG. 2*



**FIG. 3a**

**FIG. 3b**

**FIG. 3c**



**FIG. 4**



RECORDED SESSION
JOURNAL FILE
500



*FIG. 5*



*FIG. 6*



FIG. 7