UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VERINT SYSTEMS INC. and<br>VERINT AMERICAS INC.<br><br>    Plaintiffs,<br><br>v.<br><br>RED BOX RECORDERS LTD.<br><br>    Defendant. | )<br>)<br>)  C.A. No. 14-5403 (SAS)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT RED BOX RECORDERS LTD.'S ANSWER,
DEFENSES, AND COUNTERCLAIMS TO PLAINTIFFS'
COMPLAINT FOR PATENT INFRINGEMENT**

Defendant, Red Box Recorders LTD. ("Red Box"), by its undersigned counsel, Alston & Bird LLP, for its Answer to the Complaint of Verint Systems Inc. and Verint Americas Inc. ("Plaintiffs" or "Verint"), states as follows:

**NATURE OF ACTION**

1.  Red Box admits that Paragraph 1 of the Complaint states that this is an action for patent infringement, but Red Box denies that Plaintiffs have any viable claim thereunder.

**THE PARTIES**

2.  Red Box lacks sufficient information to determine the truth or falsity of the allegations set forth in Paragraph 2 of the Complaint and, therefore, all allegations stand denied.

3.  Red Box lacks sufficient information to determine the truth or falsity of the allegations set forth in Paragraph 3 of the Complaint and, therefore, all allegations stand denied.

4.  Red Box admits that Red Box is organized under the laws of the United Kingdom and has its headquarters in the United Kingdom.  Red Box admits that it maintains an office at 708 Third Avenue, 6th Floor, New York, NY.

**JURISDICTION AND VENUE**

5. The allegations set forth in Paragraph 5 of the Complaint constitute conclusions of law to which no response is required.

6. The allegations set forth in Paragraph 6 of the Complaint constitute conclusions of law to which no response is required.

7. The allegations set forth in Paragraph 7 of the Complaint constitute conclusions of law to which no response is required. Red Box admits that it maintains an office at 708 Third Avenue, 6th Floor, New York, NY.

8. Red Box admits that it has a presence in the State of New York. The remaining allegations set forth in Paragraph 8 of the Complaint constitute conclusions of law to which no response is required.

9. Red Box denies the allegations set forth in Paragraph 9 of the Complaint.

10. Red Box lacks sufficient information to determine the truth or falsity of the allegations set forth in Paragraph 10 of the Complaint and, therefore, all allegations stand denied.

11. Red Box lacks sufficient information to determine the truth or falsity of the allegations set forth in Paragraph 11 of the Complaint and, therefore, all allegations stand denied.

12. Red Box lacks sufficient information to determine the truth or falsity of the allegations set forth in Paragraph 12 of the Complaint and, therefore, all allegations stand denied.

13. Red Box lacks sufficient information to determine the truth or falsity of the allegations set forth in Paragraph 13 of the Complaint and, therefore, all allegations stand denied.

14. Red Box denies the allegations set forth in Paragraph 14 of the Complaint.

15. Red Box denies the allegations set forth in Paragraph 15 of the Complaint.

16. Red Box denies the allegations set forth in Paragraph 16 of the Complaint.

17.     The allegations set forth in Paragraph 17 of the Complaint constitute conclusions of law to which no response is required.

## FACTUAL BACKGROUND

### Verint's Business and Products

18.     Red Box lacks sufficient information to determine the truth or falsity of the allegations set forth in Paragraph 18 of the Complaint and, therefore, all allegations stand denied.

19.     Red Box lacks sufficient information to determine the truth or falsity of the allegations set forth in Paragraph 19 of the Complaint and, therefore, all allegations stand denied.

20.     Red Box lacks sufficient information to determine the truth or falsity of the allegations set forth in Paragraph 20 of the Complaint and, therefore, all allegations stand denied.

21.     Red Box lacks sufficient information to determine the truth or falsity of the allegations set forth in Paragraph 21 of the Complaint and, therefore, all allegations stand denied.

22.     Red Box lacks sufficient information to determine the truth or falsity of the allegations set forth in Paragraph 22 of the Complaint and, therefore, all allegations stand denied.

### Verint's Allegations Against Red Box

23.     As there is no geographical scope with respect to Paragraph 23 of the Complaint, Red Box denies the allegations in that Paragraph.

24.     Red Box is unclear as to the meaning of the terms "analysis" and "transmission" as used in Paragraph 24 of the Complaint.  There is also no temporal scope with respect to this paragraph.  As such, Red Box denies the allegations set forth in Paragraph 24 of the Complaint.

25.     Red Box denies the allegations set forth in Paragraph 25 of the Complaint.  And by letter dated December 15, 2014 plaintiff has represented that its assertions with respect to the entirety of its Complaint are directed solely to allegations of direct infringement.

**Conclusion**

26. Red Box denies the allegations set forth in Paragraph 26 of the Complaint.

27. Red Box denies the allegations set forth in Paragraph 27 of the Complaint.

28. Red Box denies the allegations set forth in Paragraph 28 of the Complaint.

29. Red Box denies the allegations set forth in Paragraph 29 of the Complaint.

**VERINT'S CAUSES OF ACTION**

**AS AND FOR A FIRST CAUSE OF ACTION**

30. Red Box refers to and incorporates herein by reference all defenses and all responses to allegations stated above as if fully set forth herein.

31. Red Box denies the allegations set forth in Paragraph 31 of the Complaint.

**AS AND FOR A SECOND CAUSE OF ACTION**

32. Red Box refers to and incorporates herein by reference all defenses and all responses to allegations stated above as if fully set forth herein.

33. Red Box denies the allegations set forth in Paragraph 33 of the Complaint.

**AS AND FOR A THIRD CAUSE OF ACTION**

34. Red Box refers to and incorporates herein by reference all defenses and all responses to allegations stated above as if fully set forth herein.

35. Red Box denies the allegations set forth in Paragraph 35 of the Complaint.

**AS AND FOR A FOURTH CAUSE OF ACTION**

36. Red Box refers to and incorporates herein by reference all defenses and all responses to allegations stated above as if fully set forth herein.

37. Red Box denies the allegations set forth in Paragraph 37 of the Complaint.

## AS AND FOR A FIFTH CAUSE OF ACTION

38. Red Box refers to and incorporates herein by reference all defenses and all responses to allegations stated above as if fully set forth herein.

39. Red Box denies the allegations set forth in Paragraph 39 of the Complaint.

## AS AND FOR A SIXTH CAUSE OF ACTION

40. Red Box refers to and incorporates herein by reference all defenses and all responses to allegations stated above as if fully set forth herein.

41. Red Box denies the allegations set forth in Paragraph 41 of the Complaint.

## AS AND FOR A SEVENTH CAUSE OF ACTION

42. Red Box refers to and incorporates herein by reference all defenses and all responses to allegations stated above as if fully set forth herein.

43. Red Box denies the allegations set forth in Paragraph 43 of the Complaint.

## GENERAL DENIAL

Except as expressly admitted herein, Red Box denies each and every allegation contained in Plaintiffs' Complaint.

## DEFENSES

Pursuant to Federal Rule of Civil Procedure 8(c), and without assuming any burden that it would not otherwise bear, and reserving its right to assert additional defenses, Red Box asserts the following defenses to Plaintiffs' Complaint:

### FIRST DEFENSE
**(Failure to State a Claim)**

A. Plaintiffs' Complaint fails to state a claim upon which relief can be granted against Red Box.

### SECOND DEFENSE

**(Noninfringement)**

B.     Red Box has not infringed and does not infringe the '798 Patent, either directly or indirectly, literally, by inducement, or under the doctrine of equivalents.

C.     Red Box has not infringed and does not infringe the '220 Patent, either directly or indirectly, literally, by inducement, or under the doctrine of equivalents.

D.     Red Box has not infringed and does not infringe the '285 Patent, either directly or indirectly, literally, by inducement, or under the doctrine of equivalents.

E.     Red Box has not infringed and does not infringe the '854 Patent, either directly or indirectly, literally, by inducement, or under the doctrine of equivalents.

F.     Red Box has not infringed and does not infringe the '763 Patent, either directly or indirectly, literally, by inducement, or under the doctrine of equivalents.

G.     Red Box has not infringed and does not infringe the '324 Patent, either directly or indirectly, literally, by inducement, or under the doctrine of equivalents.

H.     Red Box has not infringed and does not infringe the '386 Patent, either directly or indirectly, literally, by inducement, or under the doctrine of equivalents.

**THIRD DEFENSE**
**(Invalidity)**

I.     On information and belief, the '798 Patent is invalid for failure to satisfy the conditions of patentability as specified under one or more sections of Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, or 112.

J.     On information and belief, the '220 Patent is invalid for failure to satisfy the conditions of patentability as specified under one or more sections of Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, or 112.

K. On information and belief, the '285 Patent is invalid for failure to satisfy the conditions of patentability as specified under one or more sections of Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, or 112.

L. On information and belief, the '854 Patent is invalid for failure to satisfy the conditions of patentability as specified under one or more sections of Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, or 112.

M. On information and belief, the '763 Patent is invalid for failure to satisfy the conditions of patentability as specified under one or more sections of Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, or 112.

N. On information and belief, the '324 Patent is invalid for failure to satisfy the conditions of patentability as specified under one or more sections of Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, or 112.

O. On information and belief, the '386 Patent is invalid for failure to satisfy the conditions of patentability as specified under one or more sections of Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, or 112.

**FOURTH DEFENSE**
**(Prosecution History Estoppel)**

P. Plaintiffs are estopped by reason of prosecution history estoppel from asserting infringement of the '798 Patent under the doctrine of equivalents.

Q. Plaintiffs are estopped by reason of prosecution history estoppel from asserting infringement of the '220 Patent under the doctrine of equivalents.

R. Plaintiffs are estopped by reason of prosecution history estoppel from asserting infringement of the '285 Patent under the doctrine of equivalents.

S.  Plaintiffs are estopped by reason of prosecution history estoppel from asserting infringement of the '854 Patent under the doctrine of equivalents.

T.  Plaintiffs are estopped by reason of prosecution history estoppel from asserting infringement of the '376 Patent under the doctrine of equivalents.

U.  Plaintiffs are estopped by reason of prosecution history estoppel from asserting infringement of the '324 Patent under the doctrine of equivalents.

V.  Plaintiffs are estopped by reason of prosecution history estoppel from asserting infringement of the '386 Patent under the doctrine of equivalents.

## FIFTH DEFENSE
### (Adequate Remedy at Law)

W.  Plaintiffs are not entitled to injunctive relief because any alleged injury to the Plaintiffs are not immediate, irreparable, and Plaintiffs have an adequate remedy at law.

## SIXTH DEFENSE
### (Limitations on Damages)

X.  Plaintiffs' claims for damages, if any, against Red Box are statutorily limited by 35 U.S.C. § 287.

## SEVENTH DEFENSE
### (Costs Barred)

Y.  Plaintiffs are barred from recovering costs in connection with this action under 35 U.S.C. § 288.

## NINTH DEFENSE
### (No Exceptional Case)

Z.  Plaintiffs cannot prove that this is an exceptional case justifying award of attorney fees against Red Box pursuant to 35 U.S.C. § 285.

- 9 -

AA. Red Box reserves any and all rights to amend its Answer and Defenses to Plaintiffs' Complaint and to add additional defenses as they become apparent.

## RED BOX'S COUNTERCLAIMS

Defendant/Counterclaimant Red Box Recorders Ltd. ("Red Box") asserts the following counterclaims against Plaintiffs/Counterdefendants Verint Systems Inc. and Verint Americas Inc. ("Verint"):

## NATURE AND BASIS OF ACTION

1. This is an action arising under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the United States Patent Act, 35 U.S.C. § 1 *et seq*.  Red Box requests declarations: (i) that it does not infringe any valid, enforceable claim of U.S. Patent Nos. 5,790,798 (the "'798 Patent"), 6,510,220 (the "'220 Patent"), 7,203285 (the "'285 Patent"), 7,774,854 (the "'854 Patent"), 8,189,763 (the "'763 Patent"), RE43,324 (the "'324 Patent"), and RE43,386 (the "'386 Patent"); and (ii) that the '798 Patent, the '220 Patent, the '285 Patent, the '854 Patent, the '763 Patent, the '324 Patent, and the '386 Patent are invalid.

## THE PARTIES, JURISDICTION, AND VENUE

2. Red Box is a company organized under the laws of the United Kingdom, with its headquarters in the United Kingdom.  Red Box maintains an office at 708 Third Avenue, 6th Floor, New York, NY.

3. On information and belief, Verint Americas, Inc. is a corporation organized under the laws of the State of Delaware having its principal place of business at 800 North Point Parkway, Alpharetta GA.

4. On information and belief, Verint Systems Inc. is a corporation organized under the laws of the State of Delaware, having its principal place of business at 330 South Service Road, Melville, NY 11747.

5.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, and 1338(a), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

6.      This Court has personal jurisdiction over Verint by virtue of the fact that Verint has submitted to the jurisdiction of this Court by bring this action.

7.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## FACTUAL ALLEGATIONS

8.      Upon information and belief, Verint purports to be the owner by assignment of the '798 Patent, the '220 Patent, the '285 Patent, the '854 Patent, the '763 Patent, the '324 Patent, and the '386 Patent.

9.      Red Box does not infringe directly or indirectly, by inducement or contributorily, or under the doctrine of equivalents, any valid, enforceable claim of the '798 Patent, the '220 Patent, the '285 Patent, the '854 Patent, the '763 Patent, the '324 Patent, or the '386 Patent.

10.     Upon information and belief, all claims of the '798 Patent, the '220 Patent, the '285 Patent, the '854 Patent, the '763 Patent, the '324 Patent, and the '386 Patent are invalid for failure to meet the requirements of the Patent Act, 35 U.S.C. § 1 *et seq.*, including, but not limited to, 35 U.S.C. §§ 102, 103, and 112.

## COUNTERCLAIM I
### (Declaratory Judgment of Non-Infringement)

11.     Red Box realleges and reincorporates the allegations of Paragraphs 1 through 10 of its Counterclaims as if set forth herein in full.

12.     There is an actual and justiciable controversy between the parties concerning Red Box's non-infringement of the claims of the '798 Patent, the '220 Patent, the '285 Patent, the '854 Patent, the '763 Patent, the '324 Patent, and the '386 Patent.

13. Red Box is entitled to a judicial declaration that it has not and does not infringe directly or indirectly, by inducement or contributorily, or under the doctrine of equivalents, any valid, enforceable claim of the '798 Patent, the '220 Patent, the '285 Patent, the '854 Patent, the '763 Patent, the '324 Patent, and the '386 Patent.

## COUNTERCLAIM II
### (Declaratory Judgment of Invalidity of the Patent-in-Suit)

14. Red Box realleges and reincorporates the allegations of Paragraphs 1 through 13 of its Counterclaims as if set forth herein in full.

15. There is an actual and justiciable controversy between the parties concerning the validity of the patents asserted against Red Box for failure to meet the requirements of the Patent Act, 35 U.S.C. § 1 *et seq.*, including, but not limited to, 35 U.S.C. §§ 102, 103, and 112.

16. Red Box is entitled to a judicial declaration and order that all the claims of the '798 Patent, the '220 Patent, the '285 Patent, the '854 Patent, the '763 Patent, the '324 Patent, and the '386 Patent are invalid.

## DEMAND FOR JURY TRIAL

Red Box requests a trial by jury pursuant to Rule 38 of the Federal Rules of Procedure.

## PRAYER FOR RELIEF

WHEREFORE, Red Box requests judgment in its favor and against Verint as follows:

(i) Verint recovers nothing and its Complaint be dismissed with prejudice;

(ii) The Court deny any injunctive relief in favor of Verint and against Red Box;

(iii) The Court declare that Red Box has not and does not infringe directly or indirectly, by inducement or contributorily, or under the doctrine of equivalents, any claim of the '798 Patent, the '220 Patent, the '285 Patent, the '854 Patent, the '763 Patent, the '324 Patent, and the '386 Patent;

(iv) The Court declare and order that all the claims of the '798 Patent, the '220 Patent, the '285 Patent, the '854 Patent, the '763 Patent, the '324 Patent, and the '386 Patent are invalid;

(v) The Court find this case to be exceptional pursuant to 35 U.S.C. § 285 and award Red Box its reasonable attorneys' fees in this action;

(vi) All costs be taxed against Verint; and

(vii) Red Box be granted such other and further relief as the Court deems just and proper.

Dated: December 19, 2014

By: *Deepro R. Mukerjee*
Deepro R. Mukerjee
deepro.mukerjee@alston.com
Christopher L. McArdle
chris.mcardle@alston.com
Lance Soderstrom
lance.soderstrom@alston.com
ALSTON & BIRD LLP
90 Park Avenue
New York, New York 10016
Phone: 212-210-9400
Fax: 212-210-9444

Kamran Jivani
kamran.jivani@alston.com
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, GA 30309-3424
Phone: (404) 881-7000
Fax: (404) 881-7777

*Attorneys for Defendant, Red Box Recorders LTD.*