USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/25/16

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- X
:
VERINT SYSTEMS INC. and                    :
VERINT AMERICAS INC.,                      :     **OPINION AND ORDER**
:
Plaintiffs,        :     14-cv-5403 (SAS)
:
- against -             :
:
RED BOX RECORDERS LTD.,                    :
:
Defendant.         :
X
--------------------------------------------------

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

## I.   INTRODUCTION

Verint Systems Inc. and Verint Americas Inc. (together "Verint") assert that Red Box Recorders LTD. ("Red Box") has infringed on seven patents — U.S. Patent Nos. 5,790,798; 6,510,220; 7,203,285; 7,774,854; 8,189,763; RE43,324; and RE43,386 (collectively, the "Patents-in-Suit") — obtained between 1998 and 2012.[1] The Patents-in-Suit specify both hardware and software that enable companies to record, monitor, analyze, and secure electronic communications.[2] The technologies described by the Patents-in-Suit would allow,

---

   [1]   *See* Amended Complaint ¶ 20.

   [2]   *See id.* ¶¶ 18-19.

1

for example, a call center using Verint's products to capture, secure, and analyze large amounts of data for quality assurance purposes and integrate what is happening on a particular employee's computer with what is occurring on the phone. The allegedly infringing products, various "Quantify" brand products, are Red Box products that perform similar functions for call centers.[3]

Currently before the Court is Verint's objection under Federal Rule of Civil Procedure 72(a) to Magistrate Judge Gabriel Gorenstein's March 23, 2016 Order denying a request for additional discovery. Verint contends that Red Box violated the terms of the parties' October 28, 2015 "Protocol for Discovery of Electronically Stored Information" ("ESI Protocol" or "the Protocol") which provides in relevant part that each party "shall disclose" "[t]he eight custodians most likely to have discoverable ESI in their possession, custody or control."[4] Verint now argues that Red Box did not name Richard Vogt, Vice President of North American Sales for Red Box, as one of these custodians in a "systematic and pervasive effort to prevent obviously discoverable documents from being produced in this litigation."[5]

---

[3] *Id.* ¶¶ 23-24.

[4] ESI Protocol (Dkt. No. 24) at 1.

[5] Plaintiffs Verint Systems Inc. and Verint Americas Inc.'s Memorandum of Law in Support of Its Rule 72(a) Objections to the March 23,

2

For the reasons stated below, the March 23, 2016 Order of Magistrate Judge Gorenstein is AFFIRMED.

## II. BACKGROUND

### A. Procedural History

On November 9, 2015, in accordance with the ESI Protocol, Red Box identified what it contends are its eight custodians "most likely to have discoverable ESI"[6] and subsequently produced approximately 180,000 documents to Verint on December 18, 2015.[7] Of these documents, approximately 2,600 related to Vogt.[8] On January 29, 2016, Verint submitted a letter to this Court requesting discovery of four additional custodians of which Vogt is the only custodian Verint continues to pursue.[9] On February 2, 2016, this Court referred the dispute to Magistrate Judge Gorenstein.[10]

---

2016 Order of Magistrate Judge Gabriel W. Gorenstein Denying Plaintiffs' Motion for Additional Discovery ("Pl. Mem.") at 1.

[6] ESI Protocol at 1.

[7] See Red Box's Opposition to Verint's Rule 72(a) Objections to Judge Gorenstein's March 23, 2016 Discovery Rulings ("Def. Mem.") at 3.

[8] See id. at 6.

[9] See Transcript of March 23, 2016 Hearing ("3/23/16 Tr.") at 17:17-20.

[10] See Order Referring Case to Magistrate Judge (Dkt. No. 39).

B. **Magistrate Judge Gorenstein's Decision**

Magistrate Judge Gorenstein held a hearing on February 8, 2016. He determined that in order for Verint to prevail on its request that Vogt's files be searched, Verint needed to explain "why [the custodians identified by Red Box] are not the top eight and either one of . . . your propos[ed custodians] should have been in the top eight."[11] In order for Verint to prove its allegations that these four custodians should have been named, the Magistrate Judge permitted a "test" search whereby Verint, at its own expense, would be permitted to search the documents of the four contested custodians for the patent numbers of the Patents-in-Suit.[12] He selected just the patent numbers because of "plaintiffs' complete inability to tell [him] what search terms" resulted in the identification of other documents Verint contended were critical.[13] Nonetheless, he entertained the possibility of Red Box conducting broader experimental searches on the four custodians, ordering that "if [Verint] can come up with [other search terms], talk to the other side and come back to me."[14] Verint never requested that additional terms be used in the

---

[11] Transcript of February 8, 2016 Hearing ("2/8/16 Tr.") at 38:18-20.

[12] 3/23/16 Tr. at 22:17.

[13] *Id.* at 22:21-23.

[14] *Id.* at 23:5-6.

4

experimental search.[15]

On March 23, 2016, the parties once more appeared before the Magistrate Judge to report on the results of the search. Red Box reported that a search for the patent numbers across four additional custodians produced fifteen documents only one of which came from Vogt.[16] Because the test search produced only a single Vogt document, Magistrate Judge Gorenstein held that "I have not had anything persuasive that tells me that Mr. Voght [sic] was anything [other] than number nine on the list, and I cannot fault defendants [sic] for not listing him."[17]

Based on the finding that Red Box did not fail to identify the top eight custodians, he also rejected Verint's request — made for the first time after the February 8 hearing — that Red Box be required to search its entire ESI database for the patent numbers. He held that, absent a showing that Red Box violated the ESI Protocol, it should be enforced. He noted that Verint, "for good or ill,"

---

[15] At the March 23 hearing, Verint contended that it did indeed request additional search terms "at the associate level," that is, not from the partner at one law firm to the partner at the other. *Id.* at 12:21. This disagreement, however, was not brought to the Magistrate Judge's attention until after the search was run, at which point Magistrate Judge Gorenstein declined to permit a second experimental search. *See id.* at 13:14-15:15.

[16] *See id.* at 8:3-8.

[17] *Id.* at 22:14-16.

5

decided to limit the searches Red Box had to perform when it agreed to the Protocol.[18] He even noted, however, that because of the experimental search, Verint actually "got [some discovery from] an additional four custodians."[19]

## III. LEGAL STANDARD

A district judge may only set aside the decision of a magistrate judge under Rule 72(a) if the decision is "clearly erroneous or is contrary to law."[20] A magistrate judge's ruling is "clearly erroneous where, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."[21] Relevant here, "[m]agistrates are afforded 'broad discretion' in ruling on discovery issues, and the party objecting to a magistrate's ruling 'bears a heavy burden.'"[22] In reviewing the

---

[18]   *Id.* at 25:15-18.

[19]   *Id.* at 25:19-20.

[20]   Fed. R. Civ. P. 72(a).

[21]   *Highland Capital Mgmt., L.P. v. Schneider*, 551 F. Supp. 2d 173, 177 (S.D.N.Y. 2008) (internal quotations omitted).

[22]   *Granite State Ins. Co. v. Clearwater Ins. Co.*, No. 09 Civ. 10607, 2012 WL 1520851, at *1 (S.D.N.Y. Apr. 30, 2012) (quoting *Citicorp v. Interbank Card Ass'n*, 87 F.R.D. 43, 46 (S.D.N.Y. 1980). *Accord Thai Lao Lignite (Thailand) Co. v. Government of Lao People's Democratic Republic*, 924 F. Supp. 2d 508, 511-12 (S.D.N.Y. 2013) ("Under this highly deferential standard, magistrate judges 'are afforded broad discretion in resolving nondispositive disputes and reversal is appropriate only if their discretion is abused.'" (quoting *Ritchie Risk–Linked Strategies Trading (Ireland), Ltd. v. Coventry First LLC*, 282

decision of a magistrate judge, a district judge should not consider "factual evidence that was not presented to the magistrate judge."[23]

## IV. DISCUSSION

Verint tells a remarkable story of how Magistrate Judge Gorenstein not only erred in his decision, but evinced a "slavish adherence" to the ESI Protocol[24] — a document drafted by Verint.[25] Plaintiffs contend that he erred by: (1) finding that Vogt was not one of the eight custodians "most likely to have

---

F.R.D. 76, 78 (S.D.N.Y. 2012))).

[23] *Thai Lao*, 924 F. Supp. 2d at 512 (citing *Haines v. Liggett Grp., Inc.*, 975 F.2d 81, 91 (3d Cir. 1992)). *Accord Creighton v. City of New York*, No. 12 Civ. 7454, 2015 WL 8492754, at *5 (S.D.N.Y. Dec. 9, 2015) ("Defendants 'have not cited any case, and the Court has not found one, in which Rule 72(a) objections are sustained based on evidence not presented to the magistrate judge.'" (quoting *State Farm Mut, Auto. Ins. Co. v. CPT Medical Servs., P.C*, 375 F. Supp. 2d 141, 158 (E.D.N.Y. 2005))); *cf. Hartford Roman Catholic Diocesan Corp. v. Interstate Fire & Cas. Co.*, No. 12 Civ. 1641, 2015 WL 164069, at *7 (D. Conn. Jan. 13, 2015) (noting that district courts have "inherent authority" to consider additional evidence on nondispositive matters, but "given that the district court functionally operates as an appellate tribunal under Rule 72(a), such discretion should rarely be exercised.").

[24] Plaintiffs Verint Systems Inc. and Verint Americas Inc.'s Reply in Support of Its Rule 72(a) Objections to the March 23, 2016 Order of Magistrate Judge Gabriel W. Gorenstein Denying Plaintiffs' Motion for Additional Discovery ("Reply Mem.") at 1 ("The Magistrate Judge's slavish adherence to what he characterized as the 'deal' Verint struck when it agreed to the ESI protocol has resulted in clear error because any such deal did not account for Red Box's impropriety, which Verint was able to uncover only after the start of discovery.").

[25] *See* Def. Mem. at 3.

7

discoverable ESI"[26] and (2) denying Verint's request that Red Box should be required, in contravention of the ESI Protocol, to search its entire electronic database for the patent numbers of the Patents-in-Suit.[27] Both of Verint's contentions are meritless.

Magistrate Judge Gorenstein correctly noted that in order to prevail on its motion for additional discovery Verint must demonstrate, not just that Vogt was likely to have discoverable ESI but, that Vogt "at the time of designation" was "obvious[ly] . . . better than . . . one or more of those eight people" designated by Red Box.[28] The standard set forth in the ESI Protocol requires a showing of comparative advantage between the identified custodians and Vogt, and the before-the-fact perspective is proper because the Protocol requires the parties to set forth the custodians "most likely" to have discoverable ESI, not the custodians that *in fact* have the most discoverable ESI.[29]

---

[26] ESI Protocol at 1.

[27] Not relevant to these arguments but also included in Verint's brief are extraordinary accusations of how "Red Box has shamelessly been playing its game of hide the ball." Pl. Mem. at 7. Magistrate Judge Gorenstein noted that Verint's language has been "improper . . . [and] everything in [Verint's] view is this vast conspiracy to deprive [Verint] of information." 3/23/16 Tr. at 16:2-4.

[28] 3/23/16 Tr. at 17:13-16.

[29] ESI Protocol at 1.

8

Verint argues that two of the custodians identified by Red Box, the Chief Technology Officer and the Technical Director, were not the "most likely" to have discoverable ESI because they were only in these positions for less than four months prior to the filing of the Complaint.[30] But instead of concluding that this means Vogt, who held neither position, should have been designated instead, Verint posits that this made it "highly likely that their respective predecessors would have possessed highly relevant and responsive documents."[31] Even Verint's own argument fails to establish that Vogt should have been one of the eight custodians.

This is the closest Verint comes to making a comparative argument about why Vogt would have been a preferable custodian to the eight named by Red Box. Verint asserts without substantiation that "it is now certain that the documents in the possession of Mr. Vogt are clearly among the most pressing and relevant in this case."[32] Even if this is so, Magistrate Judge Gorenstein recognized "there may be custodians 13 through infinity that have some documents with your patent numbers on it," but establishing that an individual may have responsive

---

[30] Reply Mem. at 1.

[31] *Id.*

[32] Pl. Mem. at 7.

documents does not establish that the individual should have been named as a custodian when Verint agreed "to limit the search to eight individuals."[33]

In addition, Verint contends that Magistrate Judge Gorenstein erred by failing to review certain documents obtained from one of Red Box's customers, Patterson Medical Holdings, Inc. ("Patterson").[34] This argument misses the mark. These documents were never presented to Magistrate Judge Gorenstein and therefore cannot be reviewed by this Court. Moreover, contrary to Verint's assertion that he "did not accept th[e] offer"[35] to view the documents, Verint never actually offered to show the documents to the court with the closest such statement being counsel's remark that "I brought samples [of the documents] with me."[36] Verint never pursued the matter.

Even if the Patterson documents had been before Magistrate Judge Gorenstein, Verint fails to address his core reasoning: a search for the patents was run against the four custodians and only a single relevant document was found in Vogt's possession. Indeed, despite Verint denigrating the Magistrate Judge's

---

[33]   3/23/16 Tr. at 22:5-8.

[34]   *See* Pl. Mem. at 8-9.

[35]   Reply Mem. at 4.

[36]   3/23/16 Tr. at 20:14-15.

"slavish adherence" to the ESI Protocol, plaintiffs ignore the fact that he indulged Verint's argument that four additional custodians should have been named and directed Red Box to conduct additional searches beyond the agreed upon protocol. If Verint hoped to uncover more documents to bolster their argument, they should have accepted the Magistrate Judge's "invitation"[37] to use additional search terms instead of insisting, only after the fact, that searching for patent numbers was insufficient.[38] Verint's lack of diligence cannot create a clear error by the Magistrate Judge.

Verint's second assignment of error, that Red Box should have been required to search its entire database for the patent numbers, fails for the same reason: Verint has not demonstrated that Red Box did not properly identify its top eight custodians. Indeed, Verint recognizes that the ESI Protocol should only be ignored if there is "evidence of bad faith on the part of Red Box."[39] At the

---

[37] *Id.* at 23:7.

[38] *See* Pl. Mem. at 12 ("This is the very reason Verint proposed to Red Box and the Magistrate Judge a supplemental search of Mr. Vogt's documents limited to the names of the accused products."). At the March 23 hearing, Verint did request additional searches on the basis that the Patterson documents were not available until March 15. *See* 3/23/16 Tr. at 13:11-13. The Magistrate Judge held that he could not "in good conscience now restart up this whole process" of searching the Vogt documents because the court previously extended precisely that opportunity to Verint and Verint did not pursue additional terms. *Id.* at 23:18-20.

[39] Reply Mem. at 9.

11

February 8 hearing, the Magistrate Judge expended considerable effort trying to discern the meaning of the "disaster" of a protocol drafted by Verint, eventually concluding that "the parties . . . agreed they were going to limit themselves to these top eight people."[40] Because Magistrate Judge Gorenstein did not commit clear error in concluding that Red Box complied with the agreed upon ESI Protocol, I affirm his reasoned decision to enforce that agreement.

## V. CONCLUSION

For the foregoing reason, the March 23, 2016 Order of Magistrate Judge Gorenstein denying Verint's Motion for Additional Discovery is AFFIRMED.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated: New York, New York
April 25, 2016

---

[40] 2/8/16 Tr. at 29, 38.

- **Appearances** -

**Counsel for Verint Systems Inc. and Verint Americas Inc.:**

Ernest E. Badway, Esq.
Ryan N. Miller, Esq.
Fox Rothschild LLP
100 Park Avenue - Suite 1500
New York, New York 10017
(212) 878-7900

**Counsel for Red Box Recorders LTD.:**

Deepro R. Mukerjee, Esq.
Christopher L. McArdle, Esq.
Lance A. Soderstrom, Esq.
Alston & Bird LLP
90 Park Avenue
New York, New York 10016
(212) 210-9400