```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                             :
VERINT SYSTEMS INC., and VERINT                              :
AMERICAS INC.,                                               :
                                                             :
            Plaintiffs and Counter-Claim                     :
            Defendants,                                      :
                                                             :
                  -v-                                        :
                                                             :
RED BOX RECORDERS LTD.,                                      :
                                                             :
            Defendant and Counter-Claim                      :
            Plaintiff.                                       :
------------------------------------------------------------ X
```

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: December 7, 2016
```

14-cv-5403 (KBF)

OPINION & ORDER

KATHERINE B. FORREST, District Judge:

This is a patent infringement case.  Before the Court is a partial motion for summary judgment seeking dismissal of the inducement and willfulness claims with regard to only three of the patents at issue: U.S. Patent Nos. 8,189,763 ("the '763 Patent"); RE43,324 ("the '324 Patent"); and RE43,386 ("the '386 Patent").

Resolution of this motion turns on whether plaintiffs have raised a triable issue of fact with regard to whether defendant Red Box Recorders Ltd. ("Red Box") possessed actual, pre-suit knowledge of these three patents.  For the reasons set forth below, plaintiffs have failed to carry their burden.  Accordingly, defendant's motion is GRANTED.

I. STANDARD OF REVIEW

This motion is brought pursuant to Rule 56 of the Federal Rules of Civil Procedure.  While the requirements of that rule are generally well known, this

motion requires the Court to carefully examine whether the circumstantial evidence upon which plaintiffs rely to raise a triable issue of fact is sufficient to accomplish that goal. In that regard, it is worth reiterating certain principles applicable to a court's review on summary judgment. Once a movant has carried its burden of initially showing an absence of a triable issue of material fact, the nonmovant must come forward with sufficient admissible, factual matter to raise a triable issue. Wright v. Goord, 554 F.3d 255, 266 (2d Cir. 2009) ("When a motion for summary judgment is properly supported by documents or other evidentiary materials, the party opposing summary judgment may not merely rest on the allegations or denials of his pleading; rather, his response, by affidavits or otherwise as provided in the Rule, must set forth 'specific facts' demonstrating that there is 'a genuine issue for trial.'") (quoting Fed. R. Civ. P. 56(e)). In reviewing the opposing party's submission, the Court construes "all evidence in the light most favorable to the nonmoving party, drawing all inferences and resolving all ambiguities in its favor." Dickerson v. Napolitano, 604 F.3d 732, 740 (2d Cir. 2010).

It is axiomatic that "a party may not rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment" because "[m]ere conclusory allegations or denials . . . cannot by themselves create a genuine issue of material fact where none would otherwise exist." Hicks v. Baines, 593 F.3d 159, 166 (2d Cir.2010) (citations omitted); see also Matsushita Elect. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986) (The non-movant "must

do more than simply show that there is some metaphysical doubt as to the material facts.").

Cases are often proved by way of circumstantial evidence—and there is no reason why such evidence cannot raise a triable issue of fact for trial. See, e.g., Williams v. KFC Nat'l Mgmt. Co., 391 F.3d 411, 422 (2d Cir. 2004) (concluding that plaintiff presented "sufficient circumstantial evidence" to survive summary judgment); Kronish v. United States, 150 F.3d 112, 126 (2d Cir. 1998) (holding that plaintiff's "circumstantial evidence" was sufficient to "entitle him to proceed to trial."). With that said, for a nonmovant to avoid summary judgment, the law requires that the evidence proffered must be sufficient to support a finding for the nonmovant on a particular issue. See Wright, 554 F.3d at 266 ("A genuine issue of fact means that 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'") (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). If circumstantial evidence—even if accepted as true—could not result in such an outcome, then entry of summary judgment is appropriate.

II. RELEVANT PATENT PRINCIPLES

The parties agree on the legal principles relevant to resolution of this motion. For a finding of willful or induced infringement, the law requires that a defendant have had actual knowledge of the patents at issue. See, e.g., DSU Med. Corp. v. JMS Co., Ltd., 471 F.3d 1293, 1304 (Fed. Cir. 2006) (a finding of willfulness requires knowledge of patents themselves); Conopco, Inc. v. May Dep't Stores Co., 46 F.3d 1556, 1563 (Fed. Cir. 1994) (same); State Indus., Inc. v. A.O. Smith Corp., 751 F.2d

3

1226, 1236 (Fed. Cir. 1985) (same).  Knowledge of a patent application is not enough.  State Indus., 751 F.2d at 1236 ("To willfully infringe a patent, the patent must exist and one must have knowledge of it . . . . Filing an application is no guarantee any patent will issue and a very substantial percentage of applications never result in patents.  What the scope of claims in patents that do issue will be is something totally unforeseeable.")

For induced infringement, the Federal Circuit has made it clear that a specific showing of intent to actually infringe is required.  DSU Med., 471 F.3d at 1304.  In this context, intending to infringe a patent presupposes existence of the patent; and existence is synonymous with issuance.

These legal principles make clear that when evaluating this motion, the Court is seeking to determine if there is a triable issue as to whether defendant knew or must have known that the subject patents had issued.  In the absence of evidence supporting such a determination, these legal principles require dismissal.

III.   RELEVANT FACTS

The parties agree on the facts central to the resolution of this motion: There is no direct evidence in the record (and discovery has closed) that Red Box had pre-suit knowledge that the '324, '386, or '763 Patents had issued.  (Def. Rule 56.1 Statement of Undisputed Material Facts ("Def. 56.1") ¶ 13, ECF No. 141.)  The parties also agree that there are documents in the record that listed patent applications that eventually issued as these patents.  (Def. 56.1 ¶ 12.)  For purposes of this motion, the parties also do not dispute what the other documents attached to

4

the declaration of Ryan N. Miller, and which reference other patents at issue in this case (but none of the three at issue on this motion) say on their face.  For instance, the parties also do not dispute that among the documents submitted by Verint on this motion are several emails listing certain patent application numbers were sent after the '324, '386, and '763 Patents had issued.  Nor do the parties dispute that in at least one instance one Red Box employee provided others information regarding another Verint patent.  (See Miller Decl. Ex. K., ECF No. 152-11.)

The parties dispute the legal implications of this evidence.

IV.   DISCUSSION

As stated above, plaintiffs concede that they do not have direct evidence that defendant knew of the existence of the '324, '386, or '763 Patents.  The question for this Court is whether separately or even collectively, the circumstantial evidence plaintiffs have proffered on this question is sufficient to raise a triable issue.  It is not.

None of the documents to which plaintiffs point support a showing that the specific patents at issue on this motion had issued.  Instead, the documents showing (at best) knowledge of patent applications can show knowledge of nothing more than that a patent was applied for. The State Industries decision makes it clear that that is not enough. State Indus., 751 F.2d at 1236.  This is so even when emails attaching the documents are dated at a point in time subsequent to patent issuance. The law does not require an investigation; the law requires actual knowledge or its equivalent.  Other documents are equally unhelpful: Plaintiffs point to documents

5

showing that defendant followed certain Verint business moves, and had knowledge of, or even looked into, other patents. None of these documents can support an inference that Red Box knew that the particular patents at issue on this motion had in fact issued. See DSU Med., 751 F.2d at 1236 ("'The plaintiff has the burden of showing that the alleged infringer's actions induced infringing acts and that he knew or should have known this actions would induce actual infringements.'") (quoting Manville Sales Corp. v. Paramount Sys., Inc., 917 F.2d 544, 554 (Fed. Cir. 1990)).

     Plaintiffs argue that even if none of these submission is independently sufficient, the collective impact of these documents is enough to raise a triable issue. The Court is not persuaded. The question is whether there is sufficient circumstantial evidence that a reasonable juror could—based on that evidence— infer actual knowledge. They could not. Indeed, if the question were put to the jury on just the evidence proffered in opposition to this motion and the jury returned a verdict in favor of plaintiffs, the Court would have to enter a judgment notwithstanding verdict. Collectively, the evidence does not raise an inference as to any particular attention paid to the patent applications that later issued as the '324, '386, and '763 Patents, it does not raise an inference as to a "waiting and watching" the specific applications to see whether and when they issued, it does not even show particular attention paid to the particular inventions claimed within the patents as issued themselves. Instead, the collective evidence shows that Red Box knew that plaintiffs were competitors, had a technology portfolio, and had certain

patents.  According to the clear governing legal principles, that is not enough to raise a triable issue on the questions before the Court.

V.  CONCLUSION

For the reasons set forth above, defendants' motion for summary judgment as to claims for inducement and willfulness regarding the '324, '386, and '763 Patents is GRANTED.

The Clerk of Court is directed to terminate the motion at ECF No. 140.

SO ORDERED.

Dated:     New York, New York
           December 7, 2016

>                              _____
>                                    KATHERINE B. FORREST
>                                  United States District Judge