

2000 Market Street, 20th Floor
Philadelphia, PA 19103-3222
Tel 215.299.2000  Fax 215.299.2150
www.foxrothschild.com

JOSEPH F. POSILLICO
Direct Dial: 215-299-2902
Email Address: jposillico@FoxRothschild.com

January 31, 2017

**VIA ECF**

Honorable Katherine B. Forrest
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

**Re:**   <u>**Verint Systems Inc. et al v. Red Box Recorders LTD., 1:14-cv-05403-KBF**</u>

Dear Judge Forrest:

      This firm represents Plaintiffs Verint Systems Inc. and Verint Americas Inc. (collectively, "Verint") in the above-referenced matter.  We write jointly with Alston & Bird LLP, counsel for Defendant Red Box Recorders Ltd. ("Red Box"), in response to the Court's Order requiring the parties to submit their views on which claims to try and in which order (Doc. No. 185).

**Red Box's Position**

      Red Box believes that the most judicially efficient approach is to have a single trial in which all independent claims are adjudicated.  The parties should only require six days to adjudicate those claims and Defendant believes additional trials may be unnecessary with this proposed approach.  For example, if Verint were to prevail on infringement and validity of the independent claims, the likelihood of a follow-on trial is slim as Red Box would seriously consider a stipulation of infringement with respect to the remaining dependent claims.  Conversely, should Red Box prevail on non-infringement with respect to the independent claims, there can be no follow on trial for infringement of the dependent claims.  Thus, the only scenario where a follow on trial may occur under Red Box's proposal is where Red Box successfully invalidates the independent claims.  There, Verint would be able to request the adjudication of dependent claims in a follow-on trial.  For these reasons, Red Box respectfully submits that its proposal safeguards party and judicial resources and minimizes the chances of multiple trials.

A Pennsylvania Limited Liability Partnership

California    Colorado    Connecticut    Delaware    District of Columbia    Florida
Illinois    Minnesota    Nevada    New Jersey    New York    Pennsylvania    Texas



Hon. Katherine B. Forrest
January 31, 2017
Page 2

     Nevertheless, if the Court believes that bifurcation of trial should be based on the asserted patents, Red Box submits that the Court's original articulation in that regard during the January 26, 2017 telephonic conference is the most appropriate. January 26th Transcript at 3:6-16.

**Verint's Position**

     In view of the Court's preference to bifurcate the trial to minimize the potential for jury confusion, Verint proposes conducting at least two trials in which different combinations of the patents in suit are addressed. Verint's proposal is presented in tabular form in the attachment hereto.

     Verint proposes conducting an initial trial limited to two of the patents in suit, U.S. Patent No. RE43,324 ("the '324 patent") and U.S. Patent No. RE43,386 ("the '386 patent"). The '324 and '386 patents are a logical fit due their high degree of similarity. These patents share a common specification, and are reissues of the same patent. Moreover, only one claim from each of the '324 and '386 patents is being asserted. These claims have a similar overall structure; are directed to a method for recording audio data; and include identical technical terms such as "audio data packets" and "data analysis engine." Thus, Verint considers the potential for juror confusion resulting from trying these two patents together to be low.

     Verint estimates that a trial providing a full adjudication the issues associated with the '324 and '386 patents can be completed in two days or less. Verint believes that the outcome of this initial trial could provide additional incentive for the parties to settle, and thus provides the greatest possibility for the parties' overall dispute to reach a conclusion with minimal trial time.

     Verint further proposes that the four remaining patents be addressed in a subsequent trial. The remaining patents include U.S. Patent No. 6,510,220 ("the '220 patent"); U.S. Patent No. 5,790,798 ("the '798 patent"); U.S. Patent No. 7,774,854 ("the '854 patent"); and U.S. Patent No. 8,189,763 ("the '763 patent"). In contrast to the '324 and '386 patents, which are directed to the recording process itself (or in some claims a process that may include not recording), the four remaining patents are directed generally to the manipulation of recorded data to place, present or protect the recorded data in a particular form or format.

     The '220 and '798 patents share a common specification. The claims of these patents have a similar overall structure; recite a method of monitoring, on a monitoring workstation, sequential on-screen activities of a monitored computer workstation; and include identical technical terms such as "localized changed screen regions." The '220 and '798 patents are directed, in relevant part, to methods that allow an individual at a monitoring workstation to simultaneously view and hear on-screen and telephone activities substantially as they occurred at



Hon. Katherine B. Forrest
January 31, 2017
Page 3

a monitored workstation, by playing back audio telephone conversation in substantial synchronization with two actual sequential screen changes as they both happened in real time at the monitored workstation.  (*See* '220 patent at claim 2; '798 patent at claim 2.)

The '763 patent likewise is directed to a method for manipulating recorded data into a form that can be evaluated after the recording process.  The '763 patent recites a method for presenting an integrated view containing a first visualization of a portion of a communication, and a second visualization of at least one event that occurred during the communication, where the second visualization overlays on the first visualization.  (*See* '763 patent at claim 16.)

The '854 patent contains claims directed to a method for protecting information provided to an agent via a communication network in order to prevent unauthorized access to the information by automatically not recording the information or manipulating the manner in which the recorded information is presented on playback.  (*See* '854 patent at claim 1).

Because the '220, '798, '854, and '763 patents are concerned primarily with post-recording processing, playback, or analysis of recorded information, trying these four patents together represents a logical fit that will minimize the potential for jury confusion.

Verint proposes that two claims from each of the '220, '798, '854, and '763 patents initially be adjudicated in the trial directed to these four patents.  The proposed claims to be addressed in this action are listed in the attached table.  Under this proposal, all of the independent claims from the '220, '798, '854, and '763 patents will be adjudicated initially.  Depending on the specific findings of the jury, one or more of the non-adjudicated dependent claims can be addressed in a further trial, if necessary.  Verint believes that this proposal strikes an optimal balance between minimizing trial time and the potential for jury confusion on the one hand, and reducing the potential need for a follow-on trial on the other hand.

The parties thank Your Honor for her consideration of this matter.

Very truly yours,

*Joseph F. Posillico*

Joseph F. Posillico

cc:  Counsel of Record (via ECF)
encl

**Verint v. Red Box, 1:14-cv-05403 (SDNY)**

**Verint's Proposal for Trial Bifurcation, Jan. 31, 2017**

### First Trial

| Patents | Asserted Claims to be Adjudicated | Asserted Claims not Adjudicated |
|---|---|---|
| RE 43,324 | 18 | none |
| RE 43,386 | 27 | none |

### Second Trial

| Patents | Asserted Claims to be Adjudicated | Asserted Claims not Adjudicated |
|---|---|---|
| 5,798,798 | 2, 3 (both independent) | 4, 5, 6 (all dependent) |
| 6,510,220 | 2, 3 (both independent) | 4, 5, 6 (all dependent) |
| 8,189,763 | 16, 17 | none |
| 7,774,854 | 1, 25 (both independent) | 2, 5, 6, (all dependent) |

### Third Trial

As necessary to address one or more of the non-adjudicated dependent claims from the '798, '220, '763, and '854 patents